UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Donald J. Weiss, Esq. (7619)
Law Office of Donald J. Weiss
Attorney for Plaintiff
363 Seventh Avenue, 4th Floor
New York, New York 10001
(212) 967-4440
--------------------------------------------------------------------
ANSUL LURIO,

Case no. 18CV2475

            Plaintiff,

-against-

THE STONEWALL INN LLC and CHRISTOPHER
& SEVENTH REALTY LLC,

            Defendants.

--------------------------------------------------------------------

**COMPLAINT**

Plaintiff, ANSUL LURIO ("Plaintiff" or "Mr. Lurio"), by and through his undersigned counsel, hereby files this Complaint and sues THE STONEWALL INN LLC (the "Inn") and CHRISTOPHER & SEVENTH REALTY LLC (the "LLC"; with the Inn, collectively, "Defendants") for declaratory and injunctive relief, compensatory damages, statutory damages, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.* ("NYSHRL"), the New York State Civil Rights Law, N.Y. Civ. Rights Law § 40 *et seq.* ("NYSCRL"), and the New York City Human Rights Law, New York City, N.Y., Code § 8-101 *et seq.* ("NYCHRL"), and alleges:

**JURISDICTION AND PARTIES**

1.      This is an action for declaratory and injunctive relief pursuant to Title III

of the Americans With Disabilities Act, 42 U.S.C. §12181 *et seq.* This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2.      This is an action for compensatory damages and statutory damages pursuant to the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.,* New York State Civil Rights Law, N.Y. Civ. Rights Law § 40 *et seq.*, and the New York City Human Rights Law, New York City, N.Y., Code § 8-101 *et seq.*  This Court is vested with supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the property at issue is located within the Southern District of New York and because all events giving rise to this lawsuit occurred in New York County, Southern District of New York.

4.      Mr. Lurio is a resident of the State of New York.

5.      Mr. Lurio is a qualified individual with a disability under the ADA, the NYSHRL, the NYSCRL, and the NYCHRL.

6.      Mr. Lurio is afflicted with muscular dystrophy and uses a wheelchair for his primary means of mobility.

7.      Due to his disability, Mr. Lurio is substantially impaired in several major life activities

8.      The LLC owns the property known and designated as 53 Christopher Street, New York, New York (hereinafter, the "Property"), where the subject of this action, a bar known as The Stonewall Inn (hereinafter, the "Bar"), is located.

9.      Upon information and belief, the Inn leases the Property from the LLC.

10.      Upon information and belief, the Inn owns and operates the Bar.

11.      The Property is a place of public accommodation, a retail establishment selling

alcoholic beverages, open to the general public during normal business hours.

12.     Defendants are obligated to comply with the ADA.

### COUNT I - VIOLATION OF TITLE III OF THE ADA

13.     Mr. Lurio realleges and reavers the prior paragraphs of the complaint as if they were expressly restated herein.

14.     The Property is a place of public accommodation, subject to the ADA.

15.     On or about July 6, 2017, after visiting the memorial across the street, Mr. Lurio went across the street to patronize the Bar.

16.     Mr. Lurio personally observed and/or has been made aware of the inaccessible features of the Property, as discussed below.

17.     Mr. Lurio is deterred from entering the Property due to the rise in front of the entrance.

18.     The barriers discussed below are excluding Mr. Lurio from the equal opportunity to participate in, or benefit from, the goods, services, and accommodations which are offered to the general public at the Bar.

19.     Mr. Lurio plans to and will visit the Bar in the near future as a patron once the barriers to access alleged herein has been modified.

20.     Upon information and belief, Defendants are in violation of 42 U.S.C. § 12181 *et seq*. and 28 C.F.R. § 36.302 *et seq*., and the Property is not accessible, as more fully detailed below.

21.     The 1991 ADA Standards for Accessible Design apply to new construction and alterations until March 14, 2012. As of March 15, 2012, compliance with revised standards, known as the 2010 ADA Standards for Accessible Design (hereinafter, the "Standards"), was required for

new construction and alterations, accessibility and barrier removal. Premises altered between January 26, 1992 and March 15, 2012, must comply with either 1992 or 2010 Standards in accordance with the safe harbor provisions of the 2010 Standards.

22.     Defendants are required to remove architectural barriers to the physically disabled when such removal is readily achievable for a place of public accommodation that has existed prior to January 26, 1992, 28 CFR § 36.304(a). In the alternative, if there has been an alteration to Defendants' place of public accommodation since January 26,1992, then the Defendants are required to ensure, to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally if the Defendants' facility is one which was designed and constructed for first occupancy subsequent to January 26,1993 as defined in 28 CFR 36.401 then the Defendants' facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

23.     Prior to commencement of this action, an investigation of the Property was conducted, which revealed the following (all numerical citations refer to the Standards):

The Bar has one entrance which consists of double doors, each at least 32 inches wide, which open outward.  Only one door, to the left, appears to be used, and has a handle. In this Complaint, this single door is referred to as the entry door. In front of both doors, there is a round 2 inch high brick step, which appears to slope upwards to the entrance (so the rise at the entrance may be an inch or so higher).  Inside the door, there an entry hall and leading into the bar, the floor is slanted at an upwards angle towards the bar (at a slope of about 4-5 inches within a length of less than a foot).

**The following barriers are present at the entrance, obstructing Plaintiff's entry**:

a)      The presence of a step at the entry door which is 2-3 inches high (303.4 requires that changes in level greater than ½ be ramped, as rises obstruct the entry of people in wheelchairs; in addition, 404.2.4.1 and 302 require 60" minimum maneuvering clearance perpendicular to the doorway for a front approach to the pull side of the door, with no change in level, to allow maneuvering in a wheelchair).

b)      The additional rise of several inches near the bar, within a very short slope, creates an unsafe ramp for someone in a wheelchair, as it may tip as maneuvering the rise, and no grab bars are provided in case of such an emergency (see Standards noted above).

Seating consists of tables at bar height with bar stools at the tables and the bar.  There is no lowered section of the bar where Plaintiff could place his order, nor any accessible seating nearby where he could join others to enjoy the camaraderie at the bar.  No tables at a height which would be usable for the Plaintiff, seated in a wheelchair are provided.  The free standing, high tables have a center leg.  Other seating spaces consist of shelves built around the poles throughout the center of the bar.

**The following barriers to use are present inside**:

c)      The bar is too high for a person in a wheelchair to approach and get his drink independently, like other patrons (904.4.1 requires that a portion of the sales and service counter be 36" long minimum and 36" high maximum to accommodate people with disabilities such as Plaintiff).

d)      The bar, where one orders their drinks, is over 36 inches high, making it too high for Plaintiff to use (904.4 allows a height of no more than 36 to allow for use by people in wheelchairs).

e)      The drinking surfaces provided throughout the Bar do not allow Plaintiff to sit and

enjoy his drink with other patrons.  The tables present an obstruction to him sliding beneath them and are too high for him to use to drink his drink, as it would be above his head (902 requires the height to be below 34 inches and requires knee and toe clearance; 306.2 and 306.3 require unobstructed space below the table which allows for a person in a wheelchair to pull beneath the table, like everyone else does).

There are two toilet rooms on the first floor.  Neither is wheelchair accessible.  The doors swing into the room and would prevent space to turn and close the door once the Plaintiff entered. The rooms have grab bars and the toilets appear to have clear floor space for a front transfer.  The mirror is not properly placed for use by Plaintiff.

**The following barriers prevent Plaintiff's use of the toilet rooms**:

f)      There is no turning space to allow Plaintiff to turn and sit clear of the door to close it and lock it. 603.2.3, Exception 2, requires a clear floor space of at least 30 inches x 48 inches outside of the swing of the door.

g)      The mirror has its lowest reflective edge hung above 40 inches so it is not usable by a seated patron. 603.3 requires a height below 40 inches.

h)      There is a cabinet below the sink which will prevent the Plaintiff from approaching the sink and reaching the faucets, because his foot and knee space is obstructed by the cabinet (606.2 requires clear floor space in front of the sink and knee and toe clearance).

24.      Further inspection of the Property may be required to determine if any other barriers exist.

25.      Mr. Lurio continues to desire to visit the Property, but will continue to be unable to partake of the goods and services offered to the general public by Defendants until the foregoing barrier has been removed.

26.     Upon information and belief, the barrier to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

27.     Upon information and belief, removal of the discriminatory barriers to access located at the Property are readily achievable, reasonably feasible, could be easily accomplished, and would not place an undue burden on Defendants.

28.     Upon information and belief, removal of the barriers to access located at the Property would provide Mr. Lurio with an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which are offered to the general public at the Bar.

29.     Mr. Lurio has retained the  undersigned counsel and is entitled to recover reasonable attorneys' fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. §12205.

### COUNT II - VIOLATION OF NEW YORK STATE HUMAN RIGHTS LAW (NEW YORK STATE EXECUTIVE LAW, §§ 296-297)

30.     Mr. Lurio realleges and reavers the prior paragraphs of the complaint as if they were expressly restated herein.

31.     As the owner, manager, lessee, and/or proprietor of a place of public accommodation within the jurisdiction of the State of New York, Defendants are obligated to comply with the provisions of the NYSHRL, N.Y. Exec. Law § 296(2).

32.     N.Y. Exec. Law § 296(2) provides: "It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation, . . . because of the . . . disability . . . of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof."

33.     The conduct alleged herein discriminates against Mr. Lurio on account of his disability.

34.     The conduct alleged herein violates the NYSHRL, N.Y. Exec. Law § 296(2).

35.     Defendants have violated the NYSHRL by depriving Mr. Lurio of the full and equal enjoyment of the accommodations, advantages, facilities, and privileges offered at the Property.

36.     Defendants have violated the NYSHRL by failing to remove the architectural barriers at the Property.

37.     Upon information and belief, removal of the discriminatory barriers to access located at the Property is readily achievable, reasonably feasible, could be easily accomplished, and would not place an undue burden on Defendants.

38.     Defendants' conduct has resulted in a cognizable injury to Mr. Lurio.

39.     Mr. Lurio has been damaged and will continue to be damaged by this discrimination as more fully set forth above.

40.     As a direct and proximate result of Defendants' unlawful discrimination in violation of the NYSHRL, Mr. Lurio has suffered mental anguish, inconvenience, emotional distress, frustration, anxiety, and humiliation.

41.     Mr. Lurio prays for judgment for damages to pursuant to N.Y. Exec. Law § 297(4), and all other relief allowed by law.

### COUNT III - VIOLATION OF NEW YORK STATE CIVIL RIGHTS LAW
### (N.Y. Civ. Rights§§ 40-c and 40-d)

42.     Mr. Lurio realleges and reavers the prior paragraphs of the complaint as if they were expressly restated herein.

43.     As the owner, manager, lessee, and/or proprietor of a place of public

accommodation within the jurisdiction of the State of New York, Defendants are obligated to comply with the provisions of the NYSCRL, N.Y. Civ. Rights §40 *et seq.*

44.     Mr. Lurio has complied with the notice requirements of N. Y. Civ. Rights section 40-d, as notice of this action was served upon the attorney general prior to or concurrently with the initiation of this suit.

45.     Section 40 of the NYSCRL states that "All persons within the jurisdiction of this state shall be entitled to the full and equal accommodations, advantages, facilities and privileges of any places of public accommodations. . . ."

46.     Section 40-c of the NYSCRL states that "[n]o person shall, because of . . . disability . . . be subjected to any discrimination in his or her civil rights . . . by any firm, corporation or institution. . . ."

47.     The conduct alleged herein discriminates against Mr. Lurio on account of his disability.

48.     The conduct alleged herein violates the NYSCRL.

49.     Defendants have violated the NYSCRL by depriving Mr. Lurio of the full and equal enjoyment of the accommodations, advantages, facilities, and privileges offered by Defendants at the Property.

50.     Defendants have violated the NYSCRL section 40-c, *inter alia*, by subjecting Mr. Lurio, as a person with a disability, to discrimination in his civil rights.

51.     Defendants have further violated the NYSCRL by being in violation of the rights provided under the ADA and the New York State Human Rights Law, N.Y. Exec. Law §296.

52.     Defendants' conduct has resulted in a cognizable injury to Mr. Lurio.

53.     Mr. Lurio has been damaged and will continue to be damaged by this discrimination as more fully set forth above.

54.     Mr. Lurio prays for judgment pursuant to N.Y. Civ. Rights section 40-d, including statutory damages, and all other relief allowed by law.

## COUNT IV - VIOLATION OF NEW YORK CITY HUMAN RIGHTS LAW
### (New York City, N.Y., Code § 8-502)

55.     Mr. Lurio realleges and reavers the prior paragraphs of the complaint as if they were expressly restated herein.

56.     As the owner, manager, lessee, and/or proprietor of a place of public accommodation within the jurisdiction of the City of New York, Defendants are obligated to comply with the provisions of the NYCHRL, New York City, N.Y., Code § 8-107(4).

57.     N.Y. Code § 8-107(4) provides: "It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation, because of the . . . disability . . . of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof."

58.     The conduct alleged herein discriminates against Mr. Lurio on account of his disability.

59.     The conduct alleged herein violates the NYCHRL, N.Y. Code § 8-107.

60.     Defendants have violated the NYCHRL, N.Y. Code § 8-107(4) by depriving Mr. Lurio of the full and equal enjoyment of the accommodations, advantages, facilities, and privileges offered by Defendants at the Property.

61.     Defendants have violated the NYCHRL, N.Y., Code § 8-107(4) by failing to remove the architectural barriers at the Property.

62.     Defendants have violated the NYCHRL, N.Y. Code § 8-107 (17) because, upon information and belief, Defendants' policies or practices regarding the removal of architectural barriers at the Property have a disparate impact on persons with mobility related disabilities.

63.     Defendants' conduct has resulted in a cognizable injury to Mr. Lurio.

64.     Mr. Lurio has been damaged and will continue to be damaged by this discrimination as more fully set forth above.

65.     As a direct and proximate result of Defendants' unlawful discrimination in violation of the NYCHRL, Mr. Lurio has suffered mental anguish, inconvenience, emotional distress, frustration, anxiety, and humiliation.

66.     Mr. Lurio prays for judgment pursuant to N.Y. Code § 8-502(a) for injunctive relief, for damages, and for all other relief allowed by law.

67.     Mr. Lurio has retained the undersigned counsel and is entitled to recover reasonable attorneys' fees, costs and litigation expenses from Defendant pursuant to N.Y. Code § 8-502(g).

WHEREFORE, Mr. Lurio demands judgment against Defendants, and requests the following relief:

A.     That this Court declare that the Property owned, leased, and/or operated by Defendants is in violation of the ADA, the NYSHRL, the NYSCRL, and the NYCHRL;

B.     That this Court enter an Order directing Defendants to alter the Property to make it accessible to and useable by individuals with mobility disabilities to the full extent required by Title III of the ADA;

C.     That this Court enter an Order awarding Mr. Lurio compensatory damages, as provided for under N.Y. Exec. Law § 297(4) and New York City, N.Y., Code § 8-502(a);

D.          That this Court enter an Order awarding Mr. Lurio statutory damages, as provided for under N.Y. Civ. Rights section 40-d;

E.          That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to Mr. Lurio, pursuant to 42 U.S.C. § 12205 and New York City, N.Y., Code § 8-502(g); and

F.          That this Court award such other and further relief as it deems necessary, just and proper.

Dated: March 20, 2018

*Donald J. Weiss*

Donald J. Weiss, Esq. (7619)
Attorney for Plaintiff
363 Seventh Avenue
New York, New York 10001
(212) 967-4440

EXHIBIT A

